**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HERNAN QUEZADA, ) <br> ) <br> Defendant. ) <br> ) | **CRIMINAL ACTION** <br><br> No.  12-10089-22 |

**MEMORANDUM AND ORDER REGARDING SEVERANCE**

Before the court are the following:

1. Defendant's motion to sever (Doc. 233); and

2. Government's response (Doc . 244).

Defendant is one of 23 persons named in a 38-count indictment variously known as the Dodge City RICO case.  Four defendants are charged with murder and the government has indicated it may seek the death penalty against two of them.  The charges against Hernan Quezada, however, are not nearly so serious.  He is charged in count 38 with assault with a dangerous weapon, i.e., a beer bottle, in violation of Kansas law and 18 U.S.C. § 1959(a)(3) and (2).

Quezada seeks a severance pursuant to Fed. R. Crim. P. 14(a) on three basic grounds: (1) the charge against him is minor compared to charges against the other defendants and he will be prejudiced by the "spillover effect" of the evidence against the other defendants; (2) two of the witnesses against him likely will assert the Fifth Amendment and (3) his trial will be delayed due to the complex nature of the case.

The government responds that defendant is properly joined because

he was a member of the enterprise and committed the assault to further the interests of the enterprise. At this point, the court agrees. Fed. R. Crim. P. 8(b). The government asserts that one of the witnesses identified by defendant, Enrique Gobin, was not present during the assault. Instead, it was Enrique's brother, Lorenzo, who has not been charged and therefore cannot be presumed will assert the Fifth Amendment. The other witness, Russell Worthey, is a codefendant and likely will refuse to testify. However, the government points out that Worthey probably will assert the Fifth Amendment whether or not Quezada is severed. Finally, the government points out that the charge, 18 U.S.C. § 1959(a) will be required to prove the existence of the enterprise.

Defendant's motion ultimately may have merit but it is premature. Therefore, the court will deny the motion, but without prejudice. Nevertheless, defendant's motion raises serious concerns which will need to be addressed as the case progresses. A trial involving a large number of defendants raises numerous, difficult management issues. A trial involving multiple defendants, regardless of number, some but not all of whom are charged with death penalty crimes, raises additional and even more difficult problems. Based on experience, it seems unlikely that all of the defendants ultimately will go to trial but at this early stage in the case, no assumptions or predictions are appropriate.

Other courts have confronted issues, including severance, in multi-defendant RICO cases. Counsels' attention is invited to the following cases which may, or may not, provide guidance as this case proceeds: United States v. Gray, 173 F. Supp. 2nd 1 (D.D.C. 2001);

United States v. Green, 324 F. Supp. 2d 311 (D. Mass. 2004); United States v. Byrd, 466 F. Supp. 2d 550 (S.D.N.Y. 2006) and United States v. Delatorre, 522 F. Supp. 2d 1034 (N.D. Illi. 2007).

Accordingly, defendant's motion to sever (Doc. 233) is denied, without prejudice.

IT IS SO ORDERED.

Dated this ___3rd___ day of August 2012, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE