**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Jason Najera, Pedro Garcia, ) <br> Gonzalo Ramirez, Russell Worthey, ) <br> Anthony Wright, Joshua Flores, ) <br> Jesus Flores, Angel Cerda, ) <br> Juan Torres, Alfredo Beltran-Ruiz, ) <br> Donte Barnes, Jesus Sanchez, ) <br> Enrique Gobin, Alfonso ) <br> Banda-Hernandez, Andrew Gusman, ) <br> Eusebio Sierra-Medrano, Jayson ) <br> Vargas, Adam Flores, Fabian Neave, ) <br> Jesus Torres, Jose Neave, Hernan ) <br> Quezada, ) <br> ) <br> Defendants. ) <br> ) | **CRIMINAL ACTION** <br><br> No. 12-10089-01-23 |

**MEMORANDUM AND ORDER**

This case comes before the court on extensive pretrial motions filed by defendants.[1] (Docs. 325, 328, 330, 332, 334, 336, 338, 340, 342, 344, 346, 347, 349, 351, 353, 355, 356, 366, 367, 369, 372, 374, 375, 377, 378, 379, 381, 383, 384, 385, 386, 387, 388, 391-398, 400, 402-405, 407, 409-411, 413-428, 430, 431, 433-438, 440, 441, 443, 445, 446, 448, 449, 453-455, 457, 458, 459, 460). The motions have been fully briefed and are ripe for decision. (Docs. 475-488, 490).

**I. Facts**

On April 16, 2012, the grand jury returned an indictment against

---

[1] Due to the fact that all defendants have moved to join various motions filed by their co-defendants, the court will refer to defendants collectively even if a particular defendant did not join a particular motion. On that note, the court will group the motions based on subject matter unless the motion is specific to a single defendant.

23 defendants. The indictment alleges 38 counts, including charges of violent crimes in aid of racketeering, conspiracy and felon in possession of a firearm. The indictment alleges that defendants were engaged in a criminal organization, the Nortenos gang, whose members engaged in narcotics distribution and acts of violence involving murder and robbery. These crimes were alleged to have been committed in Dodge City, Kansas. Defendant Jason Najera is the alleged leader of the Nortenos. The indictment further alleges that the racketeering conspiracy began in 2008 and continued through the date of the indictment.

On November 13, 2012, defendant Humberto Ortiz entered a guilty plea. The remaining 22 defendants, with the exception of Jesus Flores, have filed the present motions before the court.

**II. Analysis**

    **A. Motions for Gang Related Discovery (Docs. 325, 355, 356, 379)**

Defendants seek Dodge City Police Department policies and procedural material developed and used in connection with the creation of the Gang Sheets. Defendants also seek gang participation records kept by any law enforcement agency. The government responds that it will provide the Dodge City Police Department policies and gang sheets for all defendants. The government will also provide each defendant with the underlying source material for their gang sheets. In addition, the government will provide gang participation records of other agencies that it has in its control. The government must provide these records, if it has not already done so, on or before February 4, 2013.

Defendant Pedro Garcia additionally seeks the underlying source documents for third-party gang sheets. (Doc. 380 at 2-6). The government responds, to the extent possible, it will produce the source material. (Doc. 486 at 4).

Defendants' motions for gang related discovery are therefore granted. (Docs. 325, 355, 356, 379).

**B. Motions for a Bill of Particulars (Docs. 328, 351, 385, 417, 430)**

Defendants argue that the indictment is not sufficient to put defendants on notice of the nature and manner of the commission of the alleged conspiracy. Defendants seek the identity of known but unidentified co-conspirators, the location of the conspiracy, the manner in which it was designed, the persons present when it was formed, the terms of the agreement, the particulars and locations as to all meetings, and the date when defendants joined such conspiracy. Further, defendant Ramirez asserts that the government's conclusory allegation that the charges affect interstate commerce is not sufficient.

"The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense . . . ." United States v. Kunzman, 54 F.3d 1522, 1526 (10th Cir. 1995)(quoting United States v. Levine, 983 F.2d 165, 166-67 (10th Cir. 1992)). "A bill of particulars, however, is not a discovery device but may serve to amplif[y] the indictment by providing additional information." United States v. Dunn, 841 F.2d 1026, 1029 (10th Cir. 1988)(internal citations omitted). The Tenth Circuit has held that an indictment is sufficient if it apprises

defendants of their crimes and defendants have been provided full discovery. Kunzman, 54 F.3d at 1526. Defendants' request must show that the failure to provide the information would result in prejudicial surprise. United States v. Anderson, 31 F. Supp.2d 933, 938 (D. Kan. 1998)(citing United States v. Wright, 826 F.2d 938, 943 (10th Cir. 1987)).

Defendants cite Anderson for the proposition that they should be provided with the identity of unindicted known co-conspirators. The court agrees. This information, if not disclosed, may subject defendants to prejudicial surprise or double jeopardy problems as Anderson contemplated. The government must disclose the names on or before February 4, 2013. The remaining information sought by defendants, however, has not been shown to be necessary for defendants to prepare for trial. Anderson, 31 F. Supp.2d at 938. The government has provided defendants with extensive discovery, a fact that defendants have not contested. Defendants are not entitled to know the entirety of the government's case, which is essentially what they are requesting.

Defendants' motions for a bill of particulars are granted in part and denied in part. (Docs. 328, 351, 385, 417, 430).

**C. Motions for Notice of Co-Conspirator Statements and James Hearing (Doc. 330, 353, 367, 369, 443)**

The court will conduct a James hearing in this case on February 13, 2013, at 9:30 a.m. Defendants' motions are therefore granted.

**D. Motions to exclude Co-Conspirator Testimonial Statements**

**(Docs. 332, 340)**

Defendants' seek to exclude co-conspirator testimonial statements. The government responds that it is not aware of any such statements at this time. Defendants' motions are denied. (Docs. 332, 340).

**E. Motions for Notice of the Government's Intent to Offer Rule 404(b) Evidence (Docs. 334, 342, 366, 397)**

Defendants seek an order requiring the government to provide them with a notice of its intent to offer Rule 404(b) evidence by a certain date. The government is instructed to provide defendants with the notice thirty days prior to trial, which date will be discussed at the <u>James</u> hearing.

**F. Motion to Exclude Guilty Pleas by Non-Testifying Defendants (Doc. 336)**

Defendants move to preclude the admission of non-testifying co-defendants' guilty pleas. The government responds that it does not intend to introduce this evidence. (Doc. 480). Defendants' motion is denied as moot. (Doc. 336).

**G. Motion for an Extension of Time to File Additional Motions (Doc. 338)**

Defendant Garcia seeks additional time to file any motions that may be appropriate after reviewing the discovery. The motion deadline has passed and Garcia filed eighteen motions prior to the deadline. Garcia's motion is denied, without prejudice, but any defendant desiring to file additional motions will be required to show why the motion <u>could not have been filed before the deadline</u>. (Doc. 338).

**H. Motion to Prohibit Law Enforcement from Approaching**

**Defendants (Doc. 344)**

Defendants move for an order which will prohibit the government from approaching them with regard to this case, presumably without the knowledge of their counsel. The court's general order of discovery entered in this case states that the government shall not violate any defendant's Constitutional rights. The court assumes the government will not do anything which will jeopardize its case. The motion is denied. (Doc. 344).

**I. Motion to Allow Defendant's Investigator Not to be Subject to the Sequestration Rule (Doc. 346)**

The United States does not object to the exception to sequestration suggested in the motion. Therefore, the motion is granted, subject to conditions which the court may impose at trial. (Doc. 346).

**J. Motion for Adequate Court Facilities (Doc. 347)**

Defendant Sierra-Medrano's motion for a separate table at trial is denied. The court has conducted numerous trials with two defendants seated at one table and finds that the seating arrangement is not prejudicial.

**K. Motion for Disclosure of Grand Jury Transcripts (Doc. 349)**

Defendant Sierra-Medrano moves for an order requiring the government to disclose the grand jury transcripts and minutes.

> There is a long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts. The Supreme Court has stated that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings. The Court consistently has held that Fed. R. Crim. P. 6(e)(3)(C)(i) requires a strong showing of particularized need before grand jury materials are disclosed.
> Rule 6(e)(3)(C)(ii) of the Federal Rules of Criminal

> Procedure provides that disclosure of grand jury materials may be had when permitted by a court at the request of the defendant, upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury. Fed. R. Crim. P. 6(e)(3)(C)(ii).

United States v. Warren, 747 F.2d 1339, 1347 (10th Cir. 1984)(internal case citations omitted).

Sierra-Medrano does not suggest that the production of the grand jury minutes or testimony will reveal grounds for dismissal of the indictment. Rather, Sierra-Medrano appears to argue that the production of the minutes will result in the identification of known co-conspirators and their testimony. There is no exception in the federal rules to allow for disclosure of grand jury minutes for identification of known co-conspirators. The court has, however, infra, required the government to disclose the identity of known unindicted co-conspirators.

Sierra-Medrano has not satisfied the requirement of a particularized need. Therefore, he is not entitled to the grand jury minutes. Defendants are, however, to be provided with the testimony of any witnesses who will also be testifying at trial. 18 U.S.C. § 3500(a). (There is no suggestion that any defendant testified before the grand jury). The government assures the court that it will disclose the testimony of testifying witnesses prior to their testimony in this trial. The date of disclosure will be set by the court. The government's response is satisfactory.

Defendant's motion is denied. (Doc. 349).

**L. Motions to Produce (Docs. 372, 395, 396, 397)**

The government either intends to disclose or has disclosed all

information sought in the motions to produce.  This material must be disclosed on or before February 4, 2013, unless a different time is allowed under a statute or rule, i.e. <u>Jencks</u> material.  The motions are granted.  (Docs. 372, 395, 396, 397).

**M.   Motions for Joinder**

Defendants' motions to join in their co-defendants' filings are granted.  (Docs. 374, 375, 384, 387, 388, 392, 393, 394, 404, 409, 410, 411, 413, 415, 420, 421, 423, 427, 431, 433, 434, 435, 436, 437, 445, 446, 448, 449, 453, 454, 455, 457, 458, 459, 460).

**N.   Motion to Exclude <u>Bruton</u> Evidence (Doc. 378)**

Defendants move to prevent the government from introducing any co-defendant statements which implicate them in criminal activity.  The government responds that it fully intends to comply with the <u>Bruton</u> case and redact names from any statements offered.  The government shall make all Bruton disclosures at least ten days before trial and the court will take up specific challenges to the statements prior to or during trial, as may be appropriate.

The motion to exclude <u>Bruton</u> evidence is denied, without prejudice.

**O.   Motion for Disclosure of Confidential Informants (Doc. 381)**

Defendants seek the disclosure of persons who identified them as members of the Nortenos and cooperating defendants.  The government responds that the majority of the information about defendants was gained from law enforcement who will testify at trial.  The government further responds that it will disclose all <u>Jencks</u> material prior to trial, including information provided by persons affiliated with the Nortenos.  The government likewise responds that it will also provide

-8-

all information about cooperating defendants as those defendants enter into agreements with the government.

The motion for disclosure of confidential informants is therefore denied as moot. (Doc. 381).

**P. Motions to Sever (Docs. 383, 386, 391, 398, 407, 414, 418, 428, 441)**

The majority of the 22 defendants filed motions or joined in motions to sever in this case. The government's response to each motion was virtually identical and included the standard language regarding prejudice and the necessity of limiting instructions. Interestingly, the government remarked that defendants charged with lesser crimes might have an advantage in going to trial with those co-defendants charged with more serious crimes because they would appear less culpable. (Doc. 482 at 3).

The court will not conduct a trial with 22 defendants. It would be chaotic and an undue burden on all parties, including the United States Marshals and the jurors. The government suggests, and experience proves, that at least some defendants will plead guilty. At this time, the court does not have a sufficient basis to determine which defendants would be best tried together. At the James hearing, the court will set a deadline for pleas. After all the motions are ruled on and pleas are completed, the court will revisit with counsel the matter of severance.

Defendants' motions to sever are taken under advisement.

**Q. Motions to Dismiss (Docs. 416, 430, 438)**

  **1. Jesus Torres' Motion to Dismiss on Double Jeopardy Grounds**

Torres moves to dismiss the indictment on the basis that because he is being charged with crimes based on the same conduct in state court, this prosecution violates his Fifth Amendment rights. The Fifth Amendment's Double Jeopardy Clause states that "[n]o person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. There is one limitation to this right – the dual sovereignty doctrine. United States v. Barrett, 496 F.3d 1079, 1118 (10th Cir. 2007). Under this doctrine, a defendant has committed two offenses when he breaks the law of two sovereigns. Id. "A classic application of the dual sovereignty doctrine is the case of successive prosecutions by a state and the federal government." Id. "In United States v. Lanza, 260 U.S. 377, 384, 43 S. Ct. 141, 67 L. Ed. 314 (1922), the Supreme Court held that the Double Jeopardy Clause did not bar the federal prosecution of a criminal defendant who had previously been tried and convicted in state court for the same underlying conduct." Id.

Torres' motion to dismiss is therefore denied. (Doc. 416).

**2. Gonzalo Ramirez' Motion to Dismiss (Doc. 430)**

Ramirez moves to dismiss the indictment on the basis that it is an improper exercise of the Commerce Clause. Ramirez' motion is denied for the reasons stated in the government's response. (Doc. 484).

**3. Jayson Vargas' Motion to Dismiss on the Basis of Selective Prosecution (Doc. 438)**

Vargas moves to dismiss the indictment on the basis that the government "lumped these common minorities into a group and upped the anti by calling them a Criminal Enterprise, without much commonality,

-10-

except their ethnic uniformities." (Doc. 438 at 5). In <u>United States v. Armstrong</u>, 517 U.S. 456 (1996), the United States Supreme Court held that a defendant claiming selective prosecution must demonstrate "that the federal prosecutorial policy had a discriminatory effect and that it was motivated by a discriminatory purpose." 517 U.S. at 465. Vargas' conclusory motion does not satisfy this burden. The motion is therefore denied. (Doc. 438).

**R. Motions to Suppress (Docs. 424, 440)**

Ramirez and Vargas move to suppress statements made to law enforcement. The government responds that it will not introduce these statements, if they even exist, at trial. Therefore, the motions are denied. (Docs. 424, 440).

**III. Conclusion**

Defendants' motions for gang related discovery are granted. (Docs. 325, 355, 356, 379). Defendants' motions for a bill of particulars are granted in part and denied in part. (Docs. 328, 351, 385, 417, 430). Defendants' motions for a <u>James</u> Hearing are granted. (Doc. 330, 353, 367, 369, 443). Defendants' motions to exclude co-conspirator testimonial statements (Docs. 332, 340) are denied as moot. Defendants' motions for notice of the government's intent to offer rule 404(b) evidence are granted. (Docs. 334, 342, 366, 397). Defendants' motion to exclude guilty pleas by non-testifying defendants is denied as moot. Defendant Garcia's motion for an extension of time is denied. (Doc. 338). Defendants' motion to prohibit law enforcement from approaching defendants is denied. (Doc. 344). Defendants' motion to allow defendants' investigators not to be subject to the sequestration rule is granted. (Doc. 346).

Defendant Sierra-Medrano's motions for a separate table at trial and disclosure of grand jury materials are denied. (Doc. 347, 349). Defendants' motions for production are granted. (Docs. 372, 395, 396, 397). Defendants' motions to join in their co-defendants' filings are granted. (Docs. 374, 375, 384, 387, 388, 392, 393, 394, 404, 409, 410, 411, 413, 415, 420, 421, 423, 427, 431, 433, 434, 435, 436, 437, 445, 446, 448, 449, 453, 454, 455, 457, 458, 459, 460). The motion to exclude <u>Bruton</u> evidence is denied. (Doc. 378). The motion for disclosure of confidential informants is denied as moot. (Doc. 381). Defendants' motions to sever are taken under advisement. (Docs. 383, 386, 391, 398, 407, 414, 418, 428, 441). Defendants' motions to dismiss are denied. (Docs. 416, 430, 438). Defendants' Ramirez and Vargas' motions to suppress are denied. (Docs. 424, 440).

IT IS SO ORDERED.

Dated this <u>  10th  </u> day of January 2013, at Wichita, Kansas.

<u>s/ Monti Belot                </u>
Monti L. Belot
UNITED STATES DISTRICT JUDGE